CHIEF JUSTICE GRAY,
specially concurring.
¶42 I join the Court’s opinion in its entirety, but with one caveat. I write separately to address that caveat and express my serious and ongoing concerns about the manner in which youth in need of care/termination of parental rights cases are being handled by DPHHS, those who prosecute on behalf of DPHHS, and the trial courts.
¶43 My caveat relates to the Court’s statement in ¶ 38, relying on J. W. and CM., that the best interests of the children must take precedence over parental rights. The cited cases-and many others-do so state and I generally agree. Neither those cases nor the present case, however, presents a constitutional issue raised by a parent. In such a case, the general rule may not be applicable, in my view.
¶44 The Court properly addresses, and rejects, the only authority advanced by A.S. on the notice issue. It then, and on that basis, affirms the District Court. I agree. It is appropriate, however, that more be said about existing jurisprudence on this issue, jurisprudence DPHHS and its prosecutors apparently are happy to ignore.
¶45 DPHHS has been on direct notice since December 31, 2001, the date we decided In re T.C., 2001 MT 264, 307 Mont. 244, 37 P.3d 70, of the necessity of providing constitutional due process via adequate notice in its petitions to terminate. There, DPHHS’s petition to terminate was premised on § 41-3-609(l)(f), MCA, a parent’s failure to comply with a treatment plan. At the hearing, DPHHS moved to amend the pleading to conform with evidence presented by allowing it to include abandonment as a new statutory basis for termination. The trial court overruled the mother’s objection based on lack of notice, and allowed the amendment. On appeal by the mother, DPHHS argued that sufficient facts were pled in the petition to support a claim of abandonment and, consequently, the mother received adequate notice of DPHHS’s intent to present evidence supporting a theory of abandonment. T.C., ¶ 21.
¶46 This Court did not agree. We stated clearly and without equivocation that the natural parent’s fundamental liberty interest in parenting must be protected by the courts with fundamentally fair procedures. We stated that due process requires both notice and an *192 opportunity to be heard, observing that the “opportunity to be heard” encompasses an opportunity for the parent to prepare her case on the issues raised by the pleadings. T.C., ¶ 22 (citations omitted). In considering whether DPHHS’s original pleading gave notice of the abandonment issue, we looked at the claim “as a whole and to ‘the reason and spirit of the allegations in ascertaining its real purpose.’” T.C., ¶ 23 (citations omitted). We concluded that the petition at issue did not provide sufficient notice to the mother on the issue of abandonment. We refused to force a parent to glean from facts pled which claim or claims DPHHS would bring to hearing; nor were we willing to accept DPHHS’s reasoning that its failure to plead abandonment was a “technical deficiency.” We concluded the trial court had erred in allowing DPHHS to amend its pleadings during the hearing to include a new theory. T.C., ¶¶ 24-25.
¶47 Here, DPHHS’s notice stated:
[n]o treatment plan was prepared for the parents and no efforts were made to provide preservation or reunification services for the reason that the parents subjected the youth to aggravated circumstances ... including but not limited to abandonment, torture, chronic abuse, or sexual abuse, or chronic, severe neglect of the youth.
This so-called “notice’-actually a mere recitation of most of the language contained in § 41-3-423(2)(a), MCA-includes a minimum of five purported grounds for an aggravated circumstances determination by the trial court. A fair characterization of the “notice” is that it is a shotgun approach to pleading. As such, pursuant to T. C., it is my view that the pleading gives insufficient notice for purposes of a parent preparing to defend against a petition to terminate. A parent-indeed, competent counsel for a parent-simply could not prepare to meet at least five, and potentially a universe (“but not limited to”), of generic categorical bases asserted against him or her.
¶48 When might we expect DPHHS and its prosecutors-and, indeed, the trial courts who, pursuant to T.C., have a duty to protect parents’ rights via fundamentally fair procedures-to proceed pursuant to the law? The only rational answer at this point appears to be “never.” And why? I can conceive of no basis for the continuing approach by most concerned to be expedient, while ignoring the law. Must we actually start wholesale reversals in these kinds of cases, an action almost certain to harm children in many cases, to get the attention of those charged with statutory and jurisprudential duties in these cases? It appears so.
¶49 I recently expressed these and similar concerns in In the Matter *193 of S.C. and L.Z., 2005 MT 241, ¶¶ 38-51, 328 Mont. 476, ¶¶ 38-51, 121 P.3d 552, ¶¶ 38-51 (Gray, C.J., concurring and dissenting). There, I also listed my numerous concurring and dissenting opinions in termination of parental rights cases along similar lines since 1993. See S. C. and L.Z., ¶ 41.1 am tired of writing these separate opinions-tired, but unwilling to cease.
¶50 I close with yet another instance-like the several referenced in ¶¶ 38 and 39 of my concurring and dissenting opinion in S.C. and L.Z., and also similar to one in T.C., ¶ 24-of the untenable attitude which seems to permeate DPHHS, or at least its counsel, in these appeals. In this case, counsel for DPHHS contends that A.S.’s argument regarding notice “is nothing more than a technicality of form over substance.” In light of our decision in T.C., and the numerous authorities cited therein, this is a truly frightening response to a due process constitutional challenge by a parent attempting to protect her fundamental constitutional right to parent her child. What has been wrought in the guise of protecting children?
¶51 I join in the Court’s opinion. Having been unsuccessful in garnering DPHHS’s attention for well over a decade, perhaps my best hope now lies in the current legislative interim study of matters related to cases of this type. I wish them well but recognize, with sadness, that it is not the law that is lacking, it is the will to follow it!